UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL FERGUSON, ) | CASE NO. 1:17 CV 1652 |
| Plaintiff ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, *et al.*, ) | AND ORDER |
| Defendants ) | |

On August 7, 2017, Plaintiff *pro se* Nathaniel Ferguson, an inmate at the Cuyahoga County Jail, filed this 42 U.S.C. § 1983 against the State of Ohio and Cuyahoga County Common Pleas Judge Burnside. The one-page Complaint alleges Plaintiff preliminary hearing was canceled after he was indicted. He seeks his release from the jail. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d

at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. The purpose of a preliminary hearing is to determine whether sufficient facts exist to allow the court to bind the accused over to the grand jury. *State v. Wigglesworth*, 18 Ohio St.2d 171, 174(1969). There is no constitutional right to a preliminary hearing, however, when an indictment is returned. *Zaffino v. Konteh*, 2006 WIL 2360902 * 4 (N.D.Ohio, Aug. 15, 2006); *State ex rel. Pena v. Konteh*, 2007 WL 2216967 *1 (Ohio App. 6th Dist., Aug. 1, 2007). Further, to the extent Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973)

Accordingly, this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 25, 2017